UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

MARK F. COLEMAN,

                         Plaintiff,

-Against-                                                    COMPLAINT   GLEESON, J.

NEW YORK CITY, AS A MUNICIPALITY, DETECTIVE          JURY TRIAL DEMANDED   GO, MJ.

JOSEPH JORDAN, P.O. JOHN VIRGILGREEN,          CV 15

ROSLYN N. STEVENS,

                         Defendants.

_____

Plaintiff, Mark F. Coleman, acting pro-se, sets forth as his Complaint, as follows:

I. Parties:

A. Plaintiff, Mark F. Coleman was and still is a resident of the county of Queens, City and State of New York. Plaintiff has an address of 115-45 173rd Street, Jamaica, NY 11434, where he gets mail.

B. Defendant, Roslyn N. Stevens, was and still is a resident of the County of Queens, City and State of New York. Defendant Stevens has an address of 168-12 119th Avenue, Jamaica, NY 11434.

C. Defendant, Detective Joseph Jordan is an employee of the City of New York, and a resident of the State of New York. Defendant Jordan has an address of New York City Law Department, Office of Corporation Counsel, 100 Church Street, New York, NY 10007.

D. Defendant, Police Officer John Virgil Green is an employee of the City of New York, and a resident of the State of New York. Defendant Green has an

1

   address of New York City Law Department, Office of Corporation Counsel,
   100 Church Street, New York, NY 10007.

E. Defendant, New York City is an municipality duly organized and existing
   under the laws of the State of New York. Defendant New York City has an
   address of New York City Law Department, Office of Corporation Counsel,
   100 Church Street, New York, NY 10007.

II. Jurisdiction:

The Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Sections 1331 and
42 U.S.C. 1983.

Defendant, New York City is also sued pursuant to <u>Monell v. Dept of Soc. Servs,
436 U.S. 658, 701 (1978).</u>

   III. Statement of Claim:

There are two (2) separate claims that are being brought in this one document.
Both claims involve the actions of the same defendants, New York City (NYPD)
and Roslyn Stevens, on different occasions. Therefore each claim will be
addressed and listed in order of occurrence.

FIRST CAUSE OF ACTION

<u>CLAIM I.</u>

On January 13, 2013, defendant Joseph Jordan, arrested plaintiff, Mark F.
Coleman without probable cause, and acting under color of state law [in violation
of 42 USC 1983], based on his claim of being informed by defendant Roslyn N.
Stevens, that: ["Mark F. Coleman"]....defendant then punched holes in the walls
of <u>her apartment,</u> threw paint in the apartment..."

 Joseph Jordan claimed he was informed by defendant Stevens, that:" [Mark F.
Coleman] "....did not have permission or A

uthority to Damage, Break, or Otherwise Alter the Walls of **Her Apartment** or Furniture...."

See Exhibit "A," Criminal Court Complaint **2013QN003262.**

Defendant Roslyn N. Stevens, gave false information in reporting the events stated above, in that Stevens knew she was not the owner of the property. Defendant Jordan and the Queens County District Attorney was negligent in failing to investigate the truth of the statements given by Stevens. Yet, at some point early in January 2013, the district attorney's office realized there was no probable cause for the arrest, still prosecuted plaintiff knowing nothing supported such prosecution. The evidence of the lack of probable cause having become known is proved by the fact, the district attorney never filed a statement of readiness with the court, thus, the subsequent dismissal of the charges.

Defendant New York City by the Office of the Queens County District Attorney, prosecuted plaintiff Mark F. Coleman for exactly one (1) year and one (1) day, and lacking probable cause or evidence to support the alleged charges, the Court dismissed and sealed all charges on January 14, 2014.

See Exhibit "B," Certificate of Disposition-Number 250730.

SECOND CAUSE OF ACTION

**CLAIM II.**

On or about February 2013, defendant John Virgilgreen, arrested plaintiff, Mark F. Coleman without probable cause, and acting under color of state law [in violation of 42 USC 1983], based on his claim: "...HE IS INFORMED BY THE COMPLAINANT, ROSALINE STEVENS THAT AT APPROXIMATELY 2000 HOURS ON FEBRUARY 2, 2013 AT THE ABOVE MENTIONED PLACE OF OCCURRENCE, THE DEFENDANT MARK COLEMAN BANGED ON THE COMPLAINANTS FRONT DOOR STATING TO THE COMPLAINANT IN SUM AND SUBSTANCE, LET ME IN."

See Exhibit "C," Criminal Court Complaint **2013QN007378.**

3

Here again, defendant Roslyn N. Stevens falsely reported a new incident to the police (113th precinct) and the District Attorney attempted to use this incident to rehabilitate its original case. Once again, knowing there was no probable cause to arrest or continue the prosecution, plaintiff was made to repeatedly appear in court (for one (1) year) only to subsequently have the charges dismissed. The prosecution in this second case also never filed a certificate of readiness with the court. Thus, the one year of prosecution of plaintiff was clearly malicious.

Thereafter on January 14, 2014, defendant City of New York by its Queens County District Attorney's Office moved to dismiss the criminal charges as to both of the above mentioned criminal complaints.

The record of January 14, 2007, shows:

THE COURT: October 1st, you stated not ready. You agreed to file a certificate

of readiness. There is not one in the file that I can see since October

1st. People?

MR. FOGARTY: Judge, the people concede.

THE COURT: So that's 262 and 378 that they were consolidated together. It will

be dismissed and sealed 30.30

See Exhibit "D," Transcript of January 14, 2014. pages 1- 4.

Plaintiff Mark F. Coleman, complaints of the defendants together that they:
(1) Commencemed a criminal proceeding against him, in which officer Jordan nor officer Virgilgreen submitted **sworn** complaints against plaintiff.

(2) The criminal proceedings terminated in favor of Mark F. Coleman, as proved by the transcript of January 14, 2014, (ref to Ex "D.").

(3) The criminal proceedings lacked probable cause. Defendant Stevens at the time of the criminal cases, was not the property owner as alleged in either criminal complaint. While plaintiff Mark F. Coleman, was the lawful owner of the

4

property, by operation of NY State Law, listed in both criminal complaints. Thus, there was no probable cause for arrest, nor issuance of the order of protection in either case. The prosecution never filed a certificate of readiness as agreed with the court simply because they lacked probable cause for the arrest and prosecution of plaintiff.

(4) The criminal proceedings were brought out of actual malice. Plaintiff, Mark F. Coleman has a long history of arrest by the 113th precinct [ the 911 tape reflects this malice] and defendant Stevens exhibited malice against plaintiff over ownership of property Stevens fraudulently obtained from her own family members and was exposed by plaintiff Mark F. Coleman. The Queens County DA's office was aware of the civil proceedings involving the property at issue but yet choose to pursue the criminal prosecution of Mark F. Coleman, purely out of actual malice. The Queens County DA's office prosecuted plaintiff out of pure malice, which is evident in the fact all charges were non-felony offense's and should have otherwise been dismissed after ninety one (91) days, yet in plaintiff's case, it took one (1) year, or four times the length of time had it been any other citizen of New York City. Finally, the DA's office knew plaintiff was in pain and suffering as the result of spinal damage from recent radiation treatment for cancer, yet dragged both cases out eight months pass the CPL 30.30 time knowing they would not go to trial on either one. These action can only be said to be malice with intention to harm and deprive in an illegal or immoral way.

The actions complained of herein were duly presented to defendant City of New York in the provided "Personal Injury Claim Form," date stamped 2014 APR 11 PM 1:52. No action has been taken by defendant NYC.

See Exhibit "E," Personal Injury Claim Form. pages 1-5.

Thereafter the defendant City of New York Office of the Comptroller acknowledged receipt of plaintiff's claim and said claim was assigned Claim No. 2014PI011677. The claim form clearly states **"any lawsuit against the City must be started within one year and ninety days from the date of occurrence."**

See Exhibit "F," Acknowledgment of Claim, dated 04/15/2014.

5

The actions complained of herein are violations of plaintiffs 4th, 5th and 14th Constitutional rights to due process of law. These claims present questions of Federal law and violations of 42 USC 1983 against plaintiff. The actions of the defendant(s) caused plaintiff to spend at least three(3) days or seventy two (72) hours in the city jail "bullpens," and one (1) year of restricted movement of release on "ROR." In other words, plaintiff suffered post-arraignment restraint of his liberty and had to render himself at all times amenable to the orders and processes of the court. These restrictions implicated plaintiffs fourth amendment rights, as such they amount to seizures for fourth amendment purposes.

The plaintiff suffers from lower back and leg damage in the form of degenerative disc disease, pinched nerve, hypertrophy of facet joints which cause spinal stenosis. Plaintiff claims he suffered actual pain and physical harm, over the course of one (1) year of malicious prosecution and having been falsely arrested.

Plaintiff, further asserts he lost rental income from the lost usage of his property based on the baseless issued order of protection.

Therefore, plaintiff states claim I. is a claim of (a) malicious prosecution and (b) false arrest, and (C) seizure under the fourth amendment. Claim II. is a claim of (a) malicious prosecution and (b) false arrest, and (C) seizure under the fourth amendment. Defendant New York City is being sued because it failed to properly train and supervise its employee's, that is: the Queens County District Attorney's Office, Detective Joseph Jordan and Police Officer John Virgilgreen.

Thus, plaintiff seeks $ 1, 000,000 in damages, and all other relief the court deems just and proper.

Dated: April 8, 2015                              Submitted,

                                                  Mark F. Coleman, pro-se

                                                  115 - 45 173rd Street

                                                  Jamaica, New York 11434

6

# EXHIBIT 'A'

# QUEENS CRIMINAL COURT

# CRIMINAL COMPLAINT

# 2013QN003262

AFFT487811H78482

Q13603478

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK

v.

MARK COLEMAN (51Y)

DEFENDANT

STATE OF NEW YORK
COUNTY OF QUEENS



2013QN003262

DETECTIVE JOSEPH JORDAN OF QNS DET AREA 113, TAX REG#: 897751,  BEING
DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JANUARY 13 2013  BETWEEN
1:45PM AND 1:50PM, INSIDE OF 168-12 119 AVENUE 1 FLOOR, COUNTY OF
QUEENS, STATE OF NEW YORK, THE DEFENDANT COMMITTED THE OFFENSES OF:

PL 120.00-1 ASSAULT IN THE THIRD DEGREE - (DNA SAMPLE REQUIRED UPON
    CONVICTION)
PL 145.00-1 CRIMINAL MISCHIEF FOURTH DEGREE - (DNA SAMPLE REQUIRED
    UPON CONVICTION)
PL 240.26-1 HARASSMENT IN THE SECOND DEGREE

PL 120.00-1 ASSAULT IN THE THIRD DEGREE - (DNA SAMPLE REQUIRED UPON
CONVICTION)
    --- WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE
    SUCH INJURY TO SUCH PERSON OR A THIRD PERSON;

PL 145.00-1 CRIMINAL MISCHIEF FOURTH DEGREE - (DNA SAMPLE REQUIRED UPON
CONVICTION)
    --- HAVING NO RIGHT TO DO SO NOR ANY REASONABLE GROUND TO BELIEVE
    THAT HE HAD SUCH RIGHT, INTENTIONALLY DAMAGE PROPERTY OF ANOTHER
    PERSON;

PL 240.26-1 HARASSMENT IN THE SECOND DEGREE
    --- WITH THE INTENT TO HARASS,ANNOY,OR ALARM ANOTHER PERSON, THE
    DEFENDANT(S) DID STRIKE,SHOVE,KICK,OR SUBJECTED ANOTHER PERSON TO
    PHYSICAL CONTACT,OR ATTEMPTED OR THREATENED TO DO THE SAME..

THE ABOVE OFFENSES WERE COMMITTED AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, ROSLYN STEVENS,
THAT AT THE ABOVE MENTIONED DATE, TIME AND PLACE OF OCCURRENCE SHE HAD A
VERBAL ALTERCATION WITH THE DEFENDANT, MARK COLEMAN.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT
THE DEFENDANT THEN PUNCHED HOLES IN THE WALLS OF HER APARTMENT, THREW
PAINT IN THE APARTMENT, AND THEN PHYSICALLY PUSHING THE COMPLAINANT

AFFII4876l1j476482

COLEMAN,MARK Q13603478
AND A LAMP.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT
THE DEFENDANT PUNCHED HER IN THE FACE, RESULTING IN BRUISING.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT
SHE WAS REMOVED TO A LOCAL HOSPITAL AND TREATED FOR THE INJURY TO HER
EYE INJURY.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT THE ABOVE MENTIONED
ACTIONS OF THE DEFENDANT CAUSED HER SUBSTANTIAL PAIN, ANNOYANCE AND
ALARM.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT THE DEFENDANT DID
NOT HAVE PERMISSION OR AUTHORITY TO DAMAGE, BREAK, OR OTHERWISE ALTER
THE WALLS OF HER APARTMENT OR FURNITURE THEREIN.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

1/7/13          #736

DATE          SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

_____

DATE          SIGNATURE

01/17/2013   9:31PM (GMT-05·00)

# EXHIBIT 'B'

# CERTIFICATE OF DISPOSITION

# NUMBER 250730

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

CERTIFICATE OF DISPOSITION
NUMBER:  250730

THE PEOPLE OF THE STATE OF NEW YORK
VS

COLEMAN,MARK
Defendant

05/26/1961
Date of Birth

168-12 119 AVENUE
Address

4213510N
NYSID Number

QUEENS          NY
City          State  Zip

01/17/2013
Date of Arrest/Issue

Docket Number: 2013QN003262          Summons No:

120.00 145.00 240.26
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 11/12/2013 | CONSOLIDATED WITH ANOTHER CASE 2013QN007378 | MORRIS,G | AP1 |
| 01/14/2014 | DISMISSED AND SEALED | MORRIS,G | AP1 |

SEALED

Pursuant to Section 160.50 of the CPL

**NO FEE CERTIFICATION**

_ GOVERNMENT AGENCY          _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE   _ ACCUSATORY INSTRUMENT   _ DOCKET BOOK/CRIMS   _ CRC3030[CRS963]

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

NORIEGA,J
COURT OFFICIAL SIGNATURE AND SEAL

01/15/2014
DATE          FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

# EXHIBIT 'C'

# QUEENS CRIMINAL COURT

# CRIMINAL COMPLAINT

# 2013QN007378

AFFI4918364R2640

Q13607792

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK

v.

MARK COLEMAN (55Y)

DEFENDANT

STATE OF NEW YORK
COUNTY OF QUEENS



2013QN007378

POLICE OFFICER JOHN VIRGILGREEN OF 113TH PRECINCT, TAX REG#: 942674,
BEING DULY SWORN, DEPOSES AND SAYS THAT BETWEEN FEBRUARY 2 2017 8:00PM
AND FEBRUARY 7 2013 10:00PM, IN FRONT OF 168-12 119 AVE, COUNTY OF
QUEENS, STATE OF NEW YORK, THE DEFENDANT COMMITTED THE OFFENSES OF:

PL 215.50-3 CRIMINAL CONTEMPT IN THE SECOND DEGREE - (DNA SAMPLE
       REQUIRED UPON CONVICTION) (2 COUNTS)
PL 240.26-1 HARASSMENT IN THE SECOND DEGREE (2 COUNTS)

---

PL 215.50-3 CRIMINAL CONTEMPT IN THE SECOND DEGREE - (DNA SAMPLE
REQUIRED UPON CONVICTION) (2 COUNTS)
       --- INTENTIONALLY DISOBEY OR RESIST A LAWFUL PROCESS OR OTHER
       MANDATE OF A COURT AND SUCH CASE DID NOT INVOLVE OR GROW OUT OF A
       LABOR DISPUTE AS DEFINED BY SUBDIVISION TWO OF SECTION SEVEN
       HUNDRED FIFTY-THREE OF THE JUDICIARY LAW;

PL 240.26-1 HARASSMENT IN THE SECOND DEGREE (2 COUNTS)
       --- WITH THE INTENT TO HARASS,ANNOY,OR ALARM ANOTHER PERSON, THE
       DEFENDANT(S) DID STRIKE,SHOVE,KICK,OR SUBJECTED ANOTHER PERSON TO
       PHYSICAL CONTACT,OR ATTEMPTED OR THREATENED TO DO THE SAME..

THE ABOVE OFFENSES WERE COMMITTED AS FOLLOWS:

DEPONENT STATES THAT HE HAS REVIEWED AN ORDER OF PROTECTION ISSUED ON
BEHALF OF THE COMPLAINANT, ROSELYN STEVENS BY THE HONORABLE JUDGE JOHN
ZOLL OF THE QUEENS CRIMINAL COURT, UNDER DOCKET NUMBER 2013QN003262, ON
JANUARY 18, 2013 WHICH IS IN EFFECT UNTIL JULY 17, 2013 AND WHICH
STATES, AMONG OTHER THINGS, THAT THE DEFENDANT, MARK COLEMAN IS TO
STAY AWAY FROM THE HOME, SCHOOL, BUSINESS, PLACE OF EMPLOYMENT OF THE
COMPLAINANT, REFRAIN FROM COMMUNICATION OR ANY CONTACT BY MAIL,
TELEPHONE, E-MAIL, VOICE-MAIL OR OTHER MEANS WITH THE COMPLAINANT AND
MUST REFRAIN FROM ASSAULT, MENACING, THREATENING, INTIMIDATING,
STALKING, HARASSMENT, DISORDERLY CONDUCT, RECKLESS ENDANGERMENT AND
ANY OTHER CRIMINAL OFFENSE AGAINST THE COMPLAINANT.

AFFH91856#R646

COLEMAN,MARK  Q13607792

DEPONENT STATES THAT HE HAS EXAMINED A COPY OF SAID ORDER OF
PROTECTION AND THAT THE DEFENDANT IS AWARE OF SAID ORDER OF PROTECTION
IN THAT THERE IS AN "X" MARKED NEXT TO THE LINE, "DEFENDANT ADVISED IN
COURT OF ISSUANCE AND CONTENTS OF ORDER" AND THAT THE DEFENDANT'S
SIGNATURE APPEARS AFTER THE LINE "ORDER PERSONALLY SERVED ON DEFENDANT
IN COURT."

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, ROSALINE STEVENS
THAT AT APPROXIMATELY 2000 HOURS ON FEBRUARY 2, 2013 AT THE ABOVE
MENTIONED PLACE OF OCCURRENCE, THE DEFENDANT, MARK COLEMAN BANGED ON THE
COMPLAINANT'S FRONT DOOR STATING TO THE COMPLAINANT IN SUM AND
SUBSTANCE, LET ME IN.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT, ROSALINE
STEVENS THAT AT APPROXIMATELY 2100 HOURS ON FEBRUARY 7, 2013 AT THE
ABOVE MENTIONED PLACE OF OCCURRENCE, THE DEFENDANT, MARK COLEMAN STOOD
OUTSIDE THE COMPLAINANT'S HOME APPROXIMATELY TEN FEET FROM HER FRONT
DOOR.

DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT THE ABOVE
MENTIONED ACTIONS OF THE DEFENDANT CAUSED HER ANNOYANCE AND ALARM.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

2/8/13

DATE          SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

DATE          SIGNATURE

# EXHIBIT 'D'

# CRIMINAL COURT TRANSCRIPT

# OF JANUARY 14, 2014

# DISMISSED AND SEALED

# CPL 30.30

```
 1    CRIMINAL COURT OF THE CITY OF NEW YORK
      COUNTY OF QUEENS :   PART:   AP1
 2
      ----------------------------------------X
 3
      THE PEOPLE OF THE STATE OF NEW YORK,
 4
                                    Docket Nos.
 5            -against-             2013QN007378
                                    2013QN003262
 6                                  2012QN027715

 7    MARK COLEMAN,

 8                                  Defendant.

 9    ----------------------------------------X

10                  125-01 Queens Boulevard
                    Kew Gardens, New York
11                  January 14, 2014

12    B E F O R E:

13            THE HONORABLE GIA MORRIS, Judge.

14
      A P P E A R A N C E S:
15

16    FOR THE PEOPLE:

17            OFFICE OF RICHARD A. BROWN, ESQ.
              District Attorney, Queens County
18            BY:  KEVIN FOGARTY, ESQ.
              Assistant District Attorney
19

20    FOR THE DEFENDANT:

21            ZACHARY REIBSTEIN, ESQ.
              (Assigned Counsel Plan)
22            125-16 Queens Boulevard
              Kew Gardens, New York 11415
23

24
                          ANNE BROWN, RPR
25                        Official Court Reporter
```

PROCEEDINGS                    2

1                 BRIDGE OFFICER:  Calendar number 2, 82 and 84
2        Mark Coleman.
3                 MR. REIBSTEIN:  For the defendant, Assigned
4        Counsel Plan by Zachary Reibstein.
5                 THE COURT:  So one of these dockets are
6        combined, 378 and 262.
7                 MR. REIBSTEIN:  Correct, Judge.  Those are on
8        for trial.  I believe the case is 30.30 today.  They
9        have not be ready since October 1st.  They have never
10       filed any sort of certificates of readiness.  I
11       conferenced it with the People and I believe they said
12       that as long as the court file agrees with it, they will
13       be conceding.  I checked the court file.  I believe it
14       confirms.
15                THE COURT:  October 1st, you stated not ready.
16       You agreed to file a certificate of readiness.  There is
17       not one in the file that I can see since October 1st.
18       People?
19                MR. FOGARTY:  Judge, the People concede.
20                THE COURT:  So that's 262 and 378 that they
21       were consolidated together.  It will be dismissed and
22       sealed 30.30.
23                MR. REIBSTEIN:  Just for the record, just for
24       my understanding and so my client understands, those two
25       cases are dismissed and sealed and the order of

PROCEEDINGS                3

1   protection is vacated?

2           THE COURT:  That's correct.

3           MR. REIBSTEIN:  Just making sure.

4           THE COURT:  I will put it on just in case they

5   weren't officially done in the computer.

6           MR. REIBSTEIN:  I appreciate that.

7           THE COURT:  So that leaves docket 715, which

8   looks like it was ten days of community service.  He was

9   supposed to bring me proof today.

10          MR. REIBSTEIN:  It was private, Your Honor.

11  He's being doing it at Big Sisters Organization on

12  Merrick Boulevard.  He doesn't have that letter today.

13  He neglected to get that, unfortunately.  We have

14  contact information if you want to do that.

15          THE COURT:  No, I'm not contacting them.  He

16  needs to get a letter.  I don't have time to call the

17  community service.  That was his responsibility.  It's

18  not just to do community service; he needs to bring a

19  letter to show proof of it.

20          MR. REIBSTEIN:  Can we have an adjournment for

21  him to do so?

22          THE COURT:  Yes.  When do you want to come back

23  to show proof, Mr. Reibstein?

24          MR. REIBSTEIN:  A few weeks, Judge.  It has to

25  be a Friday.

PROCEEDINGS                    4

1          THE COURT:  How's February 21?  That is a

2     Friday.

3          MR. REIBSTEIN:  All right.  Thank you.

4          THE COURT:  February 21st.  I'm marking it

5     final.  You need to finish all the of the ten days.  You

6     were given an opportunity to do it privately, that

7     everybody doesn't get to do.  But if you haven't done it

8     by February 21st, you could get 15 days in jail; do you

9     understand?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  It's not just doing it, you need to

12     bring proof because the Court needs proof.  Otherwise,

13     it's as if you didn't do it.

14          MR. REIBSTEIN:  My client will show he's met

15     all his responsibilities on February 21st.

16          THE COURT:  Great.  Good luck to you.

17          MR. REIBSTEIN:  On the that case that's

18     dismissed today, I will ask that bail be exonerated.

19          THE COURT:  I will exonerate on both.  I don't

20     know which one had bail on it.

21                    *      *      *

22     CERTIFIED THAT THE FOREGOING IS A TRUE AND ACCURATE
       TRANSCRIPT OF THE ORIGINAL STENOGRAPHIC MINUTES IN THIS
23     CASE.

24                    _____
                      ANNE BROWN, RPR
25                    Official Court Reporter

# EXHIBIT 'E'

# NYC PERSONAL INJURY CLAIM FORM

# PAGES 1-5

New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version:   NYC-COMPT-BLA-PI1-M

# Personal Injury Claim Form

Claim must be filed *in person or by registered or certified mail within 90 days of the occurrence* at the NYC Comptroller's Office, 1 Centre Street, Room 1225, New York, New York 10007. It must be *notarized*. If claim is not resolved within *1 year and 90 days of the occurrence*, you must start legal action to preserve your rights.
**TYPE OR PRINT**

**I am filing:**   ☑ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

| | |
|---|---|
| Last Name: | COLEMAN |
| First Name: | MARK |
| Relationship to the claimant: | SELF |

○ Attorney is filing.

**Attorney Information (If claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| Email Address: | |

## Claimant Information

| | |
|---|---|
| *Last Name: | COLEMAN |
| *First Name: | MARK |
| Address: | 168-12 119TH AVE |
| Address 2: | 115-45 173RD STREET |
| City: | JAMAICA |
| State: | NEW YORK |
| Zip Code: | 11434 |
| Country: | USA |
| Date of Birth: | 05/26/1961   Format: MM/DD/YYYY |
| Soc. Sec. #: | 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 |
| HICN: (Medicare #) | |
| Date of Death: | Format: MM/DD/YYYY |
| Phone: | |
| Email Address: | |
| Occupation: | |
| City Employee? | ○ Yes  ☑ No  ○ NA |
| Gender | ☑ Male  ○ Female  ○ Other |

2014 APR 11 PM 1:52

* *Denotes required field(s).*

*Page 1 of 5*

New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY  10007

**The time and place where the claim arose**

*Date of Incident: 01/14/2014  Format: MM/DD/YYYY

Time of Incident: 10:00 A.M.  Format: HH:MM AM/PM

*Location of Incident: QUEENS COUNTY CRIMINAL COURT. TWO CASES WERE DISMISSED ON SPEEDY TRIAL GROUNDS 2013 QN 007378 2013 QN 003262

Address:

Address 2:

City:

State:

Borough:

*Manner in which claim arose:

Attach extra sheet(s) if more room is needed.

I WAS SUBJECTED to: 1. FAKE ARREST, and 2. MALICIOUS PROSECUTION

SEE ATTACHED CRIMINAL COMPLAINTS

1. 2013 QN 007378 — DEO V MARK COLEMAN
2. 2013 QN 00 3262 — PEO V. MARK COLEMAN

The items of damage or injuries claimed are (include dollar amounts):

Attach extra sheet(s) if more room is needed.

I CLAIM 1. MENTAL PAIN and SUFFERING — 500,000
2. PHYSICAL PAIN and SUFFERING 500,000
3. LOST & RENTAL INCOME  12,000

* Denotes required field(s).

Page 2 of 5

New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY  10007

**Medical Information**

| | |
|---|---|
| 1st Treatment Date: | 03/06/2013 *Format: MM/DD/YYYY* |
| Hospital/Name: | NRAD MEDICAL ASSOCIATES |
| Address: | 88-15 164 STREET |
| Address 2: | |
| City: | JAMAICA ESTATES |
| State: | NEW YORK |
| Zip Code: | 11432 |
| Date Treated in Emergency Room: | *Format: MM/DD/YYYY* |

Was claimant taken to hospital by an ambulance?     ○ Yes   ⊘ No   ○ NA

**Employment Information (If claiming lost wages)**

| | |
|---|---|
| Employer's Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Work Days Lost: | |
| Amount Earned Weekly: | |

**Treating Physician Information**

| | | |
|---|---|---|
| Last Name: | PERRY | SHAIKH |
| First Name: | JEFFREY | IMRAN |
| Address: | 63 DOWNING STREET | |
| Address 2: | | |
| City: | NEW YORK | JAMAICA |
| State: | NEW YORK | NEW YORK |
| Zip Code: | 10014 | 11435 |

**\* Denotes required field(s).**

Case 1:15-cv-01946-JG-MDG  Document 1  Filed 04/08/15  Page 24 of 27 PageID #: 24



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY  10007

## Witness 1 Information

| | |
|---|---|
| Last Name: | COLEMAN |
| First Name: | TOYA |
| Address | 115-45 173rd STREET |
| Address 2: | |
| City: | JAMAICA |
| State: | NEW YORK |
| Zip Code: | 11434 |

## Witness 2 Information

| | |
|---|---|
| Last Name: | HAWKINS |
| First Name: | FREDRICQUAN |
| Address | 115-45 173rd STREET |
| Address 2: | |
| City: | JAMAICA |
| State: | NEW YORK |
| Zip Code: | 11434 |

## Witness 3 Information

| | |
|---|---|
| Last Name: | HAWKINS |
| First Name: | TRENASIA |
| Address | 115-45 173rd STREET |
| Address 2: | |
| City: | JAMAICA |
| State: | NEW YORK |
| Zip Code: | 11434 |

## Witness 4 Information

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

## Witness 5 Information

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

## Witness 6 Information

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

### Complete if claim involves a NYC vehicle

**Owner of vehicle claimant was traveling in**

| Field | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Non-City vehicle driver**

| Field | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Insurance Information**

| Field | |
|---|---|
| Insurance Company Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Policy #: | |
| Phone #: | |

**Non-City vehicle information**

| Field | |
|---|---|
| Make, Model, Year of Vehicle: | |
| Plate #: | |
| VIN #: | |

**City vehicle information**

| Field | |
|---|---|
| Plate #: | |
| City Driver Last Name: | |
| City Driver First Name: | |

**Description of claimant:**

○ Driver   ○ Passenger
○ Pedestrian   ○ Bicyclist
○ Motorcyclist   ○ Other

**\*Total Amount Claimed:**   *1 012 000*

*Format: Do not include "$" or ",".*

Date _____   Signature of Claimant _____

State of New York
County of

I, _MARK F COLEMAN_____, being duly sworn depose and say that I have read the foregoing
NOTICE OF CLAIM and know the contents thereof: that same is true to the best of my own knowledge, except as to the matter here stated
to be alleged upon information and belief, and as to those matters. I believe them to be true.

Sworn before me this day _APRIL 11, 2014_

Signature of Claimant ._Mark F Cohen____

Signature of notary _____

Rami Manoj B.
Notary Public State of New York
01RA6147425
Qualified in Queens County
Commission Expires 08/05/20 _14_

\* Denotes required field(s).                                    Page 5 of 5

# EXHIBIT 'F'

# NYC ACKNOWLEDGEMENT

# OF CLAIM DATED 4/15/14



Michael Aaronson
Chief, Bureau of Law and
Adjustment

015 - 151

**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
**CLAIMS AND ADJUDICATIONS**
**1 CENTRE STREET  ROOM 1200**
**NEW YORK, N.Y.  10007-2341**

WWW.COMPTROLLER.NYC.GOV

**Scott M. Stringer**
**COMPTROLLER**

Date:       04/15/2014
Claim No:  2014PI011677
RE:          Acknowledgment of Claim

MARK COLEMAN
168-12 119 AVENUE
JAMAICA, NY 11434

Dear Claimant:

We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence.**

If you have any questions regarding your claim, you may contact us at either 212-669-____ for property damage claims or 212-669-4445 for claims involving personal injury.

Sincerely,
Michael Aaronson