UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

MARK F. COLEMAN,

                              Plaintiff,

- versus -

NEW YORK CITY as a Municipality,
DETECTIVE JOSEPH JORDAN, P.O. JOHN
VIRGIL GREEN, and ROSLYN N.
STEVENS,

                              Defendants.

MEMORANDUM
AND ORDER

15-CV-1946 (JG)(MDG)

JOHN GLEESON, United States District Judge:

        Plaintiff Mark F. Coleman, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging false arrest and malicious prosecution. Coleman's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, Coleman's claims against Roslyn N. Stevens are dismissed, but his remaining claims are allowed to go forward.

BACKGROUND

        Coleman alleges that on January 13, 2013, he was arrested by Det. Joseph Jordan, and in February 2013, he was arrested by P.O. John Virgil Green. He contends that both of these arrests were predicated on false incidents that Roslyn N. Stevens reported to the police. On January 14, 2014, all charges against Coleman were dismissed. *See* Compl., Ex. B (Certificate of Disposition). Coleman seeks monetary damages.

A.    *Standard of Review*

        Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a

1

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012). In making this determination, a court should assume the truth of all well-pleaded allegations in the complaint "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his claims, *Twombly*, 550 U.S. at 555, but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). Indeed, mere conclusory allegations or "naked assertion[s]" will not survive dismissal without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.

While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (internal quotation marks omitted)).

DISCUSSION

In order for plaintiff's allegations to make out a Section 1983 claim, "[t]he conduct at issue [1] 'must have been committed by a person acting under color of state law' and [2] 'must have deprived a person of rights, privileges, or immunities secured by the Constitution

or laws of the United States.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985)).

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of 42 U.S.C. § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *accord Morris v. Katz,* No. 11-CV-3556 (JG), 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011). However, private individuals may nonetheless be liable under Section 1983 if "there is a sufficiently close nexus between the State and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the State itself." *Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663, 664-65 (2d Cir. 2009) (quoting *Jackson v. Metro. Edison Co*., 419 U.S. 345, 351 (1974)). This close nexus can occur if the private individuals conspired, acted in concert, or willfully participated in a joint activity with the State or its agents. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). Such joint activity often takes form of a shared "plan, prearrangement, conspiracy, custom, or policy," between the private and state actor. *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999); *see also Johnson v. City of New York*, 669 F. Supp. 2d 444, 450-51 (S.D.N.Y. 2009) ("[A] plaintiff must allege that the private entity and state actors carried out a deliberate, previously agreed upon plan, or that their activity constituted a conspiracy or meeting of the minds." (internal quotation marks omitted)); *Lienau v. Garcia*, No. 12-CV-6572 (ER), 2013 WL 6697834, at *5 (S.D.N.Y. Dec. 19, 2013) ("plaintiff must show

3

that the private citizen and the state official shared a common unlawful goal" (internal quotation marks omitted)).

"A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citing *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir. 1992)).

Coleman has failed to plausibly allege that Stevens conspired, acted in concert, or willfully engaged in joint activity with law enforcement. In pertinent part, the complaint alleges that Stevens informed Det. Jordan that Coleman had "punched holes in the walls of **her apartment**, [and] threw paint in the apartment," and that Coleman did not have permission or authority to do so. Compl. at 2-3 (emphasis in original). Coleman states that Stevens made these representations knowing that he, not she, was the lawful owner of the property. *Id.* at 3-5. According to the complaint, these false representations resulted in Coleman's January 13, 2013 arrest. *Id.* In addition, Coleman's February 2013 arrest was due to Stevens's false report to law enforcement that Coleman had "banged on [her] front door stating . . . in sum and substance, [']Let me in.[']" *Id.* at 3.

On their own, these allegations fail to meet Section 1983's under-color-of-state-law element. It is well established in this Circuit that merely providing "information to a police officer — even if that information is false or results in the officer taking affirmative action — is insufficient to constitute 'joint action' with state actors for purposes of § 1983." *Lienau*, 2013 WL 6697834, at *6 (citing cases); *see also Fisk v. Letterman*, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) ("[A] private party who calls the police for assistance does not become a state actor unless the police were influenced in their choice of procedure or were under the control of

4

the private party."); *Serbalik v. Gray*, 27 F. Supp. 2d 127, 131-32 (N.D.N.Y. 1998) ("[A] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority." (citations omitted)). Such is the case here. Coleman does not allege that law enforcement actually knew that Stevens gave them false information at the time of the arrest; rather, he alleges that Det. Jordan and the Queens County District Attorney were "negligent in failing to investigate the truth" of Stevens's statements. Compl. at 3; *see also Lienau*, 2013 WL 6697834, at *8 (allegation that municipal defendants *should* have known private actor's allegations were false was insufficient to establish liability under § 1983). In another part of the complaint, Coleman makes general claims that Stevens acted with "malice" towards him because he allegedly exposed how she had fraudulently obtained ownership of the property, and that the "criminal proceedings were brought out of actual malice" because Coleman "ha[d] a long history of arrest by the 113th precinct." Compl. at 5. But these allegations, without more, do not evidence a "deliberate, previously agreed upon plan" or a "conspiracy or meeting of the minds." *Johnson*, 669 F. Supp. 2d at 450-51. Nor do they permit a plausible inference that Stevens "acted in concert with the state actor[s] to commit an unconstitutional act." *Spear*, 954 F.2d at 68.

## CONCLUSION

Accordingly, Coleman's claims against defendant Roslyn N. Stevens are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to this defendant. The United States Marshals Service shall serve the summons and complaint upon defendants the City of New York, Detective Joseph Jordan, and Police Officer John Virgil Green, without prepayment of fees. A courtesy copy of the complaint and this order shall be served upon the Corporation Counsel for the City of New York, Federal Litigation Unit. I certify pursuant to 28

5

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

John Gleeson, U.S.D.J.

Dated: September 26, 2015
      Brooklyn, New York